UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ADRIAN S.,[1]

                Plaintiff,

     v.                                 24-CV-367-LJV
                                            DECISION & ORDER

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

_____

On April 19, 2024, the plaintiff, Adrian S. ("Adrian"), brought this action under the Social Security Act ("the Act"). Docket Item 1. She seeks review of the determination by the Commissioner of Social Security ("Commissioner") that she was not disabled.[2] *Id.* On September 27, 2024, Adrian moved for judgment on the pleadings, Docket Item 9, and on November 7, 2024, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 14; *see also* Docket item 13 (memorandum of law).

_____

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-Government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Adrian applied for Supplemental Security Income ("SSI"), which is paid to a person with a disability who also demonstrates financial need. 42 U.S.C. § 1382(a).

For the reasons that follow, this Court denies Adrian's motion and grants the Commissioner's cross motion.[3]

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*. This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)).

"Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts only if a reasonable fact finder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citation omitted) (emphasis in original); *see McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and refers only to the facts necessary to explain its decision.

more than one rational interpretation, the Commissioner's conclusion must be upheld.").

But "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal

principles, application of the substantial evidence standard to uphold a finding of no

disability creates an unacceptable risk that a claimant will be deprived of the right to

have her disability determination made according to the correct legal principles."

*Johnson*, 817 F.2d at 986.

## DISCUSSION

### I.    THE ALJ'S DECISION

On June 29, 2023, the ALJ found that Adrian had not been under a disability

since June 1, 2021, the date her application was filed.  *See* Docket Item 3 at 22-23.

The ALJ's decision was based on the five-step sequential evaluation process under 20

C.F.R. §§ 404.1520(a) and 416.920(a).  *See id.* at 14-15.

At step one, the ALJ found that Adrian had not engaged in substantial gainful

activity since filing her application.  *Id.* at 15.  At step two, the ALJ found that Adrian

suffered from two severe, medically determinable impairments: "major depressive

disorder with psychosis and anxiety disorder."  *Id.* at 16.

At step three, the ALJ found that Adrian's severe, medically determinable

impairments did not meet or medically equal one of the listed impairments in 20 C.F.R.

Part 404, Subpart P, Appendix 1.  *See id.*  More specifically, the ALJ found that Adrian's

impairments did not meet or medically equal listings 12.04 (depressive, bipolar, and

related disorders) or 12.06 (anxiety and obsessive-compulsive disorders).  *Id.* at 16.  In

assessing Adrian's mental abilities, the ALJ found that Adrian was: (1) mildly impaired in

understanding, remembering, or applying information; (2) moderately impaired in

interacting with others; (3) moderately impaired in concentrating, persisting, or maintaining pace; and (4) moderately impaired in adapting or managing herself. *Id.* at 17-18.

The ALJ then found that Adrian had the residual functional capacity ("RFC")[4] to "perform a full range of work at all exertional levels" except that:

> [Adrian] is able to perform simple, repetitive, one to two-step tasks; she is able to tolerate up to one change in work tasks or settings per eight-hour workday; although she is unable to tolerate interaction with the public, she is able to tolerate occasional interaction with her supervisors and co-workers; she is unable to tolerate high production rates or quotas.

*Id.* at 19.

At step four, the ALJ found that Adrian no longer could perform any past relevant work. *Id.* at 21. But given Adrian's age, education, and RFC, the ALJ found at step five that Adrian could perform substantial gainful activity as a marker, classifier, or garment bagger. *Id.* at 22; *see Dictionary of Occupational Titles* 209.587-034, 191 WL 671802 (Jan. 1, 2016); *id.* at 361.687-014, 1991 WL 672991 (Jan. 1, 2016); *id.* at 920.687-018, 1991 WL 687965 (Jan. 1, 2016). The ALJ therefore found that Adrian had not been under a disability since the date her application was filed. *See* Docket Item 3 at 22.

## II.    ALLEGATIONS

Adrian argues that the RFC was not supported by substantial evidence. *See* Docket Item 9-1 at 7-10. More specifically, Adrian argues that the ALJ "failed to

---

[4] A claimant's RFC is the most "an individual can still do despite his or her limitations . . . in an ordinary work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.*; *see Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

4

adequately tether the RFC to the evidence of record." *Id.* at 7 (capitalization omitted).
For the reasons that follow, this Court disagrees.

## III.    ANALYSIS

An ALJ must "weigh all of the evidence available to make an RFC finding that [is]
consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir.
2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022).  But that does not mean
that an RFC must "perfectly correspond with any of the opinions of medical sources
cited in [the ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion
evidence, *see Rubin v. Martin O'Malley, Comm'r of Soc. Sec.*, 116 F.4th 145, 155 (2d
Cir. 2024).  So long as an ALJ considers all the medical evidence and appropriately
analyzes any medical opinions, an RFC consistent with the record is not error.  *See* 20
C.F.R. § 416.945; *see also Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)
(holding that remand is not necessary "[w]here an ALJ's analysis at Step Four regarding
a claimant's functional limitations and restrictions affords an adequate basis for
meaningful judicial review, applies the proper legal standards, and is supported by
substantial evidence").  Here, ample evidence in the record supported the ALJ's RFC
finding.

To begin, the ALJ considered and explicitly addressed the opinions of Susan
Santarpia, Ph.D.; P. Roy-Petrick, Ph.D.; and M. Woogen, Psy.D.  *See* Docket Item 3 at
17.  Dr. Santarpia performed a psychiatric evaluation of Adrian on July 27, 2021, *id.* at
286-89, and opined that Adrian had no limitations other than a mild impairment in
regulating emotion, controlling behavior, and maintaining well-being.  *Id.* at 288.
Likewise, Dr. Roy-Petrick opined that Adrian had only mild limitations in those same

areas as well as in sustaining concentration and interacting with others.  *See id.* at 88-89.  And Dr. Woogen affirmed Dr. Roy-Petrick's findings.  *See id.* at 100-02.

The ALJ found those opinions to be "persuasive due to [the doctors'] mental health expertise and the relative consistency of their opinions with each other and the medical evidence."  *Id.* at 20.  And those opinions alone, each of which found Adrian to be no more than mildly limited in various areas of mental functioning, certainly supported the RFC.  *See id.* at 19; *see also Grega v. Saul*, 816 F. App'x 580, 582-83 (2d Cir. 2020) ("A consultative examiner's opinion may constitute substantial evidence if otherwise supported by the record.").

But the ALJ did not simply accept those opinions and ignore other record evidence and opinions.  On the contrary, the ALJ also considered and credited the more restrictive opinion that LMSW Katie Leonard provided on January 12, 2022.  *See* Docket Item 3 at 20-21.

LMSW Leonard found that Adrian was limited in understanding multi-step tasks, maintaining pace, interacting with others, and setting realistic goals for herself.  *Id.* at 505-06.  Although "[t]here were no specific assessments in [LMSW] Leonard's report that clearly supported a finding of disability," the ALJ found that LMSW Leonard's opinion "was sufficient to assign greater limitations . . . than the mild ones put forth by" Drs. Santarpia, Roy-Petrick, and Wooten.  *See id.* at 21.  And the ALJ incorporated those greater limitations in the RFC, finding that Adrian: (1) could perform only "simple, repetitive, one to two-step tasks"; (2) "[wa]s unable to tolerate interaction with the public" and able to tolerate only "occasional interaction with her supervisors and co-workers"; and (3) "[wa]s unable to tolerate high production rates or quotas."  *See id.* at 19.

Certainly, the ALJ did not err in finding limitations greater than those found by Drs. Santarpia, Roy-Petrick, and Woogen.  *See Spottswood v. Kijakazi*, 2024 WL 89635, at *2 (2d Cir. Jan. 9, 2024) (affirming where RFC was "slightly more restrictive" than opinions of consultative examiners and state agency consultants because record suggested greater limitations); *Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 39 (2d Cir. 2020) (finding ALJ's deviation "from consultative examiners' recommendations to *decrease* [claimant's] RFC based on other evidence in the record" was not error (emphasis in original)).  Indeed, that finding was to Adrian's benefit.  And this Court has repeatedly rejected the argument that an ALJ errs when the ALJ's more restrictive limitations are not explicitly tethered to the opinion of any medical provider.  *See, e.g.*, *Watu L. v. Comm'r of Soc. Sec.*, 2026 WL 35042, at *6 (W.D.N.Y. Jan. 6, 2026); *Kiera D. v. Comm'r of Soc. Sec.*, 2024 WL 5116739, at *4 (W.D.N.Y. Dec. 16, 2024) ("While the ALJ assessed somewhat greater limitations than [a specific medical opinion] (based on the ALJ's review of the entire record), this was proper.").

Nor did the ALJ err in finding limitations consistent with the opinion of her treating licensed master social worker.  *See Nesiba O. v. Comm'r of Soc. Sec.*, 2019 WL 464882, at *7 (N.D.N.Y. Feb. 6, 2019) ("[I]t was within the ALJ's purview to review the opinions of record and weigh them accordingly.").  Quite the opposite, it was squarely within the province of the ALJ to do so.  *See Matta*, 508 F. App'x at 56.

Finally, it is worth noting that Adrian bears the burden of proving her RFC to be more restrictive than that found by the ALJ.  *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009); *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) ("Smith had a duty to prove a more restrictive RFC[] and failed to do so.").  And Adrian has not met

7

that burden here.  Indeed, while Adrian argues that LMSW Leonard's opinion "supports greater limitations" than those in the RFC, *see* Docket Item 9-1 at 9-10, the RFC largely tracked LMSW Leonard's opinion*, compare* Docket Item 3 at 19 (RFC) *with id.* at 504-06 (LMSW Leonard's opinion).  For example, and as noted above, LMSW Leonard found Adrian to be limited in understanding and remembering multi-step tasks, *id*. at 505, and the ALJ restricted her to "simple, routine, one to two-step tasks," *id*. at 19; LMSW Leonard found that Adrian had difficulty maintaining pace, id. at 505, and the ALJ restricted her no "high production rates or quotas," *id*. at 19; LMSW Leonard found that Adrian might become "easily frustrated" when interacting with "those around her," *id*. at 505, and the ALJ restricted her to no "interaction with the public" and only "occasional interaction with her supervisors and co-workers," *id*. at 19.

In sum, the ALJ crafted the RFC based on the opinion evidence in the record, *see* Docket Item 3 at 20-21, taking into account both the more restrictive opinion of the treating LMSW and the less restrictive opinions of the three reviewing consultants.  That was not error.  *See Ramsey*, 830 F. App'x at 39.  Because the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole," *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013), and because the ALJ did just that, the ALJ's RFC determination was supported by substantial evidence, and this Court will not second-guess it.

**CONCLUSION**

The ALJ's decision was not contrary to the substantial evidence in the record, nor did it result from any legal error.  Therefore, and for the reasons stated above, Adrian's motion for judgment on the pleadings, Docket Item 9, is DENIED, and the Commissioner's cross motion for judgment on the pleadings, Docket Item 14, is GRANTED.  The complaint is DISMISSED, and the Clerk of Court shall close the file.


SO ORDERED.

Dated:        January 30, 2026
              Buffalo, New York


/s/ Lawrence J. Vilardo
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE